KEAN (HAGEN v.). See Case No. 5,899.

KEAN (McMARREN v.). See Case No. 8,901.

═══

## Case No. 7,631.

### KEANE v. FORT SCOTT.

[1 Cent. Law J. 140.] [1]

Circuit Court, D. Kansas. Nov. Term, 1873.

##### RAILWAY AID BONDS—DEFENCES.

When there is legislative authority to a municipal corporation to issue negotiable bonds, it cannot defend against them in the hands of a bona fide holder for value, on the ground that the questions submitted to the voters embraced two distinct propositions, or for non-compliance by the railroad company to which the bonds

[1] [Reprinted by permission.]

were issued with the terms of the ordinance authorizing their execution and delivery.

This is an action [by Charles H. Keane] upon coupons attached to bonds issued by the city of Fort Scott, dated December 1, 1870, in payment of a subscription to the stock of the Missouri, Kansas and Texas Railway Company. The case is submitted to the court upon an agreed statement of facts, consisting of the charters of the Union Pacific Railway Company, Southern division, incorporated February 20, 1868, and the change of its name, February 3, 1870, to the "Missouri, Kansas and Texas Railway Company." Also of the charter of the Labette and Sedalia Railroad Company, and of the Missouri, Kansas and Texas Railroad Company. On July 25th, 1870, an ordinance of the city of Fort Scott was enacted submitting the question of subscribing $75,000 to the capital stock of the Missouri, Kansas and Texas Railway Company, and $25,000 for the purpose of procuring the right of way for the road of said company through the corporate limits of the city. and the purchase of grounds for depot and machine shops to be donated to the company. Ballots to be "for" or "against" the stock and donation. The proposition carried, and the city was authorized to subscribe $75,-000 to the stock of the M., K. and T. Railway Company, on the following fundamental conditions: (1) The company within six months to cause to be constructed and completed its road from Sedalia, Missouri, to Fort Scott, Kansas, and as soon thereafter as practicable, southwesterly. (2) The said company shall make said line from Sedalia the "great through line by the way of Fort Scott to the southwest," etc. (3) Fort Scott to be the end of a division of the road. at which engine houses and machine shops shall be erected before they are at certain other points, and as soon as the road needs them. (4) Bonds shall be issued by the city for the $75,000. (5) These bonds are to be placed with a trustee chosen by the parties, "to be kept by the trustee until such time as said company shall have constructed and put in practical operation its road from Sedalia to Fort Scott, when he shall deliver them to the company," said trustee to give bond to the city for $150,000 for a faithful performance of his duties. (6) The stock of the city to be sold and assigned for a nominal consideration to the Land Grant Railway and Trust Company of New York. (Stated to be a Pennsylvania corporation to New York.) (7) Depot grounds, etc., to be procured by the city and donated to the company. On December 5th, 1870, an ordinance of the city of Fort Scott was passed, reciting the previous ordinance, and that the proposition submitted received 523 votes for, and 3 against, and "that the terms and conditions upon which the said subscription, and the issue and delivery of said bonds (were made). have been complied with by said company." and ordaining: (1) That the city subscribe for the $75,000 of stock, and it appoints John G. Stuart its agent to make the subscription. (2) For one dollar the city assigns its stock to Parsons, trustee for the capitalists who constructed the road. (3) The city attorney is ordered to prepare the bonds of the city to bear date December 1, 1870, etc., to be signed, etc., and delivered to the company; and these are the bonds to which the coupons in suit were annexed.

Grant & Smith, for plaintiff.
Stewart & McComas, for defendant.

DILLON, Circuit Judge. Upon the agreed statement of facts the court holds: (1) That the plaintiff is presumed to be a holder for value, and without notice of the coupons in suit, and is entitled to recover unless there is some defence available to the city as against such a holder. (2) The only defence open to the city against such a holder of its bonds, is want of power to issue them; mere irregularities in the exercise of the power will not avail.

The defence that the bonds are void because the stock was never subscribed, if true as matter of fact, is not available to the defendant. The bond recites that "it is issued under the laws of Kansas, and in pursuance of an' ordinance of the city of Fort Scott, approved July 22, 1870—$75,000 subscription to the Missouri, Kansas and Texas Railway Company." This recital estops the city to make this defence, and hence it is not a good defence against a holder of the bonds for value before due and without notice. The same observations hold in reference to the provisions of the ordinance. that the stock issued for the bonds should be transferred for a nominal consideration by the city, and the failure of the company in respect to the erection of machine shops. It is contended that the submission to the voters was not according to the statute authorizing "the city council of any city of the state to subscribe for the stock of any railway company of the state upon such conditions as it may prescribe, provided there is a majority vote in favor of the subscription." Gen. Laws 1868, c. 23, § 51. The objection is that the ordinance submitted a proposition to vote $75,000 to the stock of this railway company. and $25,000 for another purpose, and that a joint subscription is unauthorized. But the vote was taken in this manner. and carried by 523 votes against 3 votes, and the bonds have been issued. Now a defect or irregularity in the manner of making the submission will not invalidate the bonds in the hands of innocent holders for value; and under the decision of the supreme court of the United States it is doubtful. if there had never been an election, but the bonds were nevertheless issued and in the hands of innocent holders for value, whether the defence of want of election would avail the municipality which issued them. But here this point does not arise; for there was

an election and the proposition carried, and the ordinance authorizing the issue of the bonds so recites. The objection to the submission would probably have been well taken in a suit to prevent the issue of the bonds, but it comes too late now.

Another defence is that the bonds are void because the railroad company to which they were issued had no authority or power in law to build the road into or through the city of Fort Scott. But upon the agreed statement of facts this does not appear, and from the agreed statement taken in connection with the recitals in the act of March 2, 1871, relating to the Missouri, Kansas and Texas Railway Company, it would seem that the company had such power; and it appears from the ordinance of December 5, 1870, that the company did build the road and in all respects comply with the terms and conditions on which it was to become entitled to the $75,000 subscription. The decisions of the supreme court of the United States upon the subject of municipal railway-aid bonds cover the case, and under those decisions the defences of the city here relied on are not good. Judgment for the plaintiff.